UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

CHARLES TAUL #218952,

    Plaintiff,

v.                                                         Hon. Paul L. Maloney

TRI COUNTY METRO NARCOTICS,              Case No. 1:20-cv-00723

    Defendant.

**REPORT AND RECOMMENDATION**

    Plaintiff filed his complaint in this case on August 4, 2020, against Tri County Metro Narcotics (TCMN). Having granted Plaintiff's motion to proceed as a pauper, the Court has conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Having conducted this initial review, the Court concludes that Plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted.

    Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted).

    As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a

defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

When evaluating a complaint under Rule 12(b)(6), a court may consider the complaint and any exhibits attached thereto, public records, and items appearing in the record of the case. *See Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008); *see also Cont'l Identification Prods., Inc. v. EnterMarket, Corp.*, 2008 WL 51610 at *1, n.1 (W.D. Mich. Jan. 2, 2008) (stating that "an exhibit to a pleading is considered part of the pleading" and "the Court may properly consider the exhibits. . .in determining whether the complaint fail[s] to state a claim upon which relief may be granted without converting the motion to a Rule 56 motion"); *Stringfield v. Graham*, 212 F. App'x 530, 535 (6th Cir. 2007) (documents "attached to and cited by" the complaint are "considered parts thereof under Federal Rule of Civil Procedure 10(c)").

Plaintiff previously filed a complaint against TCMN in this Court in August 2011, which was dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2) because it was barred by the statute of limitations. (Case No. 1:11-CV-843, ECF No. 19.) Plaintiff's allegations set forth in paragraphs one through five of his complaint in this case refer to his allegations in the previous case. Plaintiff

alleges that his new allegations span from 2011 to 2020, during which time TCMN followed him without legal justification.  Many of Plaintiff's allegations recite statements by TCMN, such as they:  (1) were "going to send me to see my mom (meaning murder)"; (2) "would beat me and put me in the hole"; (3) told "plaintiff the mob was after him"; (4) "said his brother was hit by a car and passed away while [Plaintiff was] in [Community Mental Health]"; (5) "said [his] family did not want [him] around"; (6) "said any one I meet would soon be ran off after they (TCM) spoke with them"; (7) "would kidnap me and force heroin into my veins so I become addicted"; (8) spoke to Plaintiff's "docter [sic] and that he was dieing [sic]"; and (8) told "Plaintiff they knew of a couple wemon [sic] that was interested in him with [his] disabilities." (ECF No. 1 at PageID.4–9.)  Plaintiff also mentions things that he believed, such as that:  (1) "his brother was stabbed to death while in CMH"; (2) he was "scheduled [for] a oral surgery as part of a settlement"; (3) TCMN "was going to have a woman dressed as plaintiff['s] mom to get a PTSD response [from Plaintiff]"; and (4) "that the defendants, connected to the mafia, had killed plaintiff['s] mom." (*Id.* at PageID.6–8.)

While it is well established that a court must construe a pro se plaintiff's pleadings liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), courts may not "construct the plaintiff's legal arguments for him" or create a claim for him.  *Thompson v. Mich. Dep't of Corrs.*, No. 05-40293, 2009 WL 3872148, at *3 (E.D. Mich. Nov. 18, 2009) (citing *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), and *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).  Moreover, courts are not required to act as counsel for a pro se litigant.  *See Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants.").  Giving Plaintiff's complaint a liberal construction, the Court is unable to discern what federal claim he is alleging.  He does not reference a constitutional or statutory basis for his claim.

Nor does he plead sufficient facts to demonstrate a federal claim, such as, for example, that someone acting under color of state law deprived him of a particular constitutional right, as would be required to plead a claim under 42 U.S.C. § 1983.  Plaintiff's allegations are not "enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and thus do "not pass muster under [the *Twombly*] standard."  *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 637 (6th Cir. 2007).  Accordingly, Plaintiff fails to state a federal claim.

In his prayer for relief, Plaintiff requests that the Court order TCMN to send Plaintiff any and all documents they have dated between 1975 and 2020.  Plaintiff refers to "FOIA," which the Court construes as referring to Michigan's Freedom of Information Act (as the federal Freedom of Information Act, 5 U.S.C. § 552, would be inapplicable to state actors).  To the extent Plaintiff alleges a claim under Michigan's FOIA, I recommend that the Court decline to exercise supplemental jurisdiction over it pursuant to 28 U.S.C. § 1367(c)(3) and dismiss the claim without prejudice.

## CONCLUSION

For the foregoing reasons, I recommend that Plaintiff's complaint be **dismissed** for failure to state a claim and that Plaintiff's state-law claim be **dismissed without prejudice**.  The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1961), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law.  *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).  For the same reasons that I recommend dismissal of the action, I discern no good faith basis for an appeal and recommend that, should Plaintiff appeal this decision, the Court assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

Date:  August 25, 2020                             /s/ Sally J. Berens
                                                   SALLY J. BERENS
                                                   U.S. Magistrate Judge


    OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).